FILED IN DISTRICT COURT
OKLAHOMA COUNTY

FEB - 2 2017

RICK WARREN
COURT CLERK
89_____

THE DISTRICT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| 1. | MICHELLE VOLK, | ) |
| | | ) |
| | Plaintiffs, | ) |
| | | ) Case No.: CJ-2017-643 |
| v. | | ) |
| | | ) |
| 1. | DAVID STANLEY | ) |
| | CHEVROLET, INC., | ) JURY TRIAL DEMANDED |
| | | ) ATTORNEY LIEN CLAIMED |
| | Defendants. | ) |

## PETITION

**COMES NOW THE PLAINTIFF** and for her causes of action herein alleges:

### PARTIES

1. The Plaintiff is Michelle Volk, an adult female resident of Oklahoma County, Oklahoma.

2. The Defendant is David Stanley Chevrolet, Inc., a for-profit company doing business in Oklahoma County, Oklahoma.

### VENUE

3. Plaintiff's claims are for gender discrimination, including the creation of a sexually hostile working environment, and retaliation after Plaintiff complained of and opposed such harassment, in violation of Title VII of the Civil Rights. Plaintiff also asserts claims for breach of contract and violation of the Oklahoma Protection of Labor Act (OPLA), 40 Okla. St. §§ 165.1, *et seq.*, for failure to pay wages and retaliation (including termination) after Plaintiff complained of failure to pay wages, in violation of Oklahoma's clearly established public policy as set out, *inter alia*, in the OPLA and *et seq.* and *Reynolds v. Avance Alarms, Inc.*, 232 P.3d 907 (2009) (protecting employees who report unpaid wages and assert their right to payment for wages earned).

4. Most of the actions complained of occurred in Oklahoma County, O[klahoma]

**EXHIBIT 2**

County wherefore venue is proper under 12 O.S. §134.

**STATEMENT OF FACTS**

5. Defendants employed more than fifteen employees during at least twenty (20) weeks of each of the current and proceeding calendar years. Accordingly, the Defendant is a covered employer under Title VII. There is no minimum employee requirement to be a covered employer under the OPLA or Oklahoma's public policy.

6. Plaintiff worked for the Defendant at various times, her most recent period of employment being from around April 2015 until around August 1, 2015.

7. During this period the Plaintiff worked under the title of Internet Salesperson.

8. Soon after Plaintiff began working for Defendant in April of 2015, Jeremy Houghton (Supervisor, male), began sexually harassing the Plaintiff including:

   A. In late April or early May 2015, Mr. Houghton took pictures of Plaintiff's bottom while Plaintiff was bending over;

   B. On a near-daily basis Mr. Houghton would place his foot on Plaintiff's desk, position his crotch and bottom area close to Plaintiff's face, and press this area close to Plaintiff's face;

   C. On a near-daily basis, Mr. Houghton played loud, sexually explicit music at work, including songs discussing violent sexual acts with female genitalia and references to tearing of the female genitalia, songs repeatedly referring to women as b*tches and prostitutes. Mr. Houghton would demand that Plaintiff and other female employees sing along with the songs (Plaintiff refused);

   D. Approximately four times pers week Mr. Houghton referred to Plaintiff's breasts as "your girls" and make comments such as "your girls are looking good today". Mr.

Houghton made similar comments to other female subordinates.

9. Although not an exhaustive list of the sexually harassing conduct, the conduct discussed in para. 8, above, was objectively offensive and offensive to the Plaintiff such that it gave rise to a sexually hostile working environment.

10. Plaintiff opposed the sexual harassment, including that discussed in para. 8, above. Plaintiff's opposition included telling Mr. Houghton to stop placing his crotch and bottom in her face, to stop taking pictures of her, stop playing sexually suggestive and offensive songs, refusing to sing along to such songs, telling Mr. Houghton she felt like he was sexually harassing her and demanding that the harassment stopped. Plaintiff opposed the sexual harassment when it occurred, but Mr. Houghton refused to stop.

11. In addition to the sexual harassment, Mr. Houghton gave males more favorable leads (customers) and gave more business to male employees. Doing so negatively affected the compensation of Plaintiff and other females as they were paid based on the amount of products sold to customers.

12. Plaintiff repeatedly complained of the gender discrimination and sexual harassment, including that described in paras. 10-11, above, between April and her constructive discharge around August 1, 2015. Plaintiff complained to multiple people, including Brian Pritchard (General Manager), Tyler Phillips (Used Car Manager), Wes Dixon (New Car Internet Director) and Justin Musgrove (Used Care Director).

13. In response to Plaintiffs' complaints, no investigation was conducted, no remedial action was taken, and the sexual harassment and gender discrimination continued.

14. Additionally, after Plaintiff initially complained Defendant was retaliated against including, but not limited to:

    A.    Mr. Houghton began referring to Plaintiff as "b*tch" and "trouble maker" and recruited other male employees to do the same.

    B.    Mr. Houghton began taking away even more leads from the Plaintiff and began withholding business from the Plaintiff, resulting in a loss in compensation.

15. Plaintiff maintained a written employment agreement with the Defendant which provided Plaintiff would be compensated in part on the amount of product sold to customers, including vehicles, warranties, GAP insurance, car protections, etc.

16. In the alternative, should Court hold that the written employment agreement (contract) does not alter the at-will nature of Plaintiff's employment, the Plaintiff pleads she is an at-will employee.

17. Defendant, on multiple occasions, including around May, July, and August 2015, withheld Plaintiff's wages and refused to pay the Plaintiff at least approximately two thousand dollars ($2,000) of plaintiff's wages that she earned. Examples include:

    A.    Defendant withheld commissions from Plaintiff's wages and refused to pay Plaintiff the commissions owed on products Plaintiff sold;

    B.    Weeks or months after Plaintiff was paid commissions/wages, Defendant would falsely claim that the automobiles sold by Plaintiff required repairs and that such repair costs were deducted from Plaintiff's wages.

18. Each time Defendant made unlawful deductions from Plaintiff's wages, or refused to pay Plaintiff the wages she earned, Plaintiff would ask for documentation supporting Defendant's claims, including copies of the repair orders Defendant claims supported the withholding and non-payment of Plaintiff's wages. However, Defendant refused to provide such documentation.

19. Plaintiff made several complaints that her wages were being unlawfully withheld, including around June and July 2015. These complaints were made several managers including Mr. Houghton and Justin Musgrove.

20. The conduct described above became so intolerable that the Plaintiff was constructively discharged (terminated) around August 1, 2015.

21. At the least, significant and/or motivating factors in the discrimination and termination of the Plaintiff included her gender and/or complaints of gender discrimination and unpaid wages.

22. As a direct result of Defendant's conduct the Plaintiff has suffered, and continues to suffer, wage loss (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm including worry, stress, frustration and similar unpleasant emotions.

23. Plaintiff has exhausted her administrative remedies by timely filing a charge of discrimination, via an EEOC intake questionnaire, on April 1, 2016. The EEOC issued Plaintiff her right to sue letter on December 21, 2016, and Plaintiff received such charge thereafter. This complaint is timely filed within ninety (90) days of Plaintiff's receipt of her right to sue letter. There is no exhaustion required under the OPLA Oklahoma's *Burk* tort doctrine.

## COUNT I

Plaintiff incorporates the above allegations and further alleges:

24. Gender discrimination, including the creation of a sexually hostile working environment, and retaliation (including termination in the form of a constructive discharge) after Plaintiff complained of such harassment, violates Title VII.

25. Under this Count Plaintiff is entitled to her wage loss (including back, present and front pay along with the value of benefits associated with such wages), emotional distress/dignitary harm damages, attorney fees and costs.

26. Because the actions of the Defendant were willful or, at the least, in reckless disregard of Plaintiff's rights, she is entitled to an award of punitive damages.

## COUNT II

Plaintiff incorporates the above allegations and further alleges:

27. Failure to pay wages, including overtime wages, violates the OPLA, 40 O.S. §§165.1, *et seq.*, and in breach of Plaintiff's employment contract.

28. Under this count Plaintiff is entitled to her unpaid wages, liquidated damages and attorney fees and costs.

29. The Defendants' conduct was willful in that the Defendants deliberately withheld wages and attempted to hide such wage withholdings.

## COUNT III

Plaintiff incorporates the above allegations and further alleges:

30. Termination of an at-will employee (even in the form of constructive discharge) in retaliation for Plaintiff's complaints of unpaid wages, violates Oklahoma's clearly established public policy as set out, *inter alia*, in the OPLA and *Reynolds v. Avance Alarms, Inc.*, 232 P.3d 907 (2009) (protecting employees who report unpaid wages and assert their right to payment for wages earned).

31. Under this Count, the Plaintiff is entitled her wage loss (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary

harm damages.

32. Because the conduct of Defendant was negligent and/or willful, the Plaintiff is entitled to an award of punitive damages.

**WHEREFORE**, Plaintiff requests this Court enter judgment in her favor and against the Defendants and grant her all compensatory damages suffered together with all damages, liquidated damages, attorneys' fees, costs and interest and such other legal and equitable relief as this Court deems just and proper in an amount exceeding that required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

**RESPECTFULLY SUBMITTED THIS 2nd DAY OF FEBRUARY, 2017.**

HAMMONS, GOWENS, HURST,
& ASSOCIATES

*/s/ Amber L. Hurst*
Amber L. Hurst OBA No. 21231
Leah Roper, OBA #32107
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email: amber@hammonslaw.com
Counsel for Plaintiff
Jury Trial Demanded
Attorney Lien Claimed

and

M. Kathi Rawls, OBA #18814
Minal Gahlot, OBA # 22145
Rawls Gahlot PLLC
2404 S. Broadway
Moore, Ok 73160
Attorneys for Plaintiffs
405-912-3225
Counsel for Plaintiff
Jury Trial Demanded
Attorney Lien Claimed